[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12730
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:93-cr-00403-RLV-JRS-1

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

DONNETTE L. FINCHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 10, 2011)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Donnette L. Fincher appeals her 24-month above-Guidelines range sentence

imposed 12 years after she absconded from her term of supervised release,

pursuant to 18 U.S.C. § 3583(e)(3).[1]  Fincher argues her sentence was procedurally

unreasonable because the district court failed to (i) indicate what facts in the

record justified an upward variance,[2] (ii) adequately explain why a sentence within

the Guideline range was not sufficient to achieve the goals of sentencing,

(iii) consider adequately the § 3553(a) factors, and (iv) acknowledge she had

greatly improved her life, was able to pay restitution through gainful employment,

and had taken responsibility for her actions.  Further, Fincher argues her sentence

was substantively unreasonable because it was based on arrests not set forth in the

petition to revoke and failed to account for her acceptance of responsibility.  After

review, we affirm Fincher's sentence.

We review a district court's decision to exceed the advisory sentencing

range set forth in U.S.S.G. § 7B1.4 for an abuse of discretion.  *United States v.*

*Silva*, 443 F.3d 795, 798 (11th Cir. 2006).  Further, a sentence imposed upon

---

[1]In January 1998, Fincher was on supervised release following a 16-month imprisonment term for fraudulent application and use of a bank credit card, in violation of 18 U.S.C. § 1029, a Class C felony. A probation officer petitioned the court to revoke Fincher's supervised release because information showed she had committed various state crimes and violated other conditions of her supervised release.  Fincher could not be located until April, 2010, when a federal marshal, acting pursuant to a 12-year-old unexecuted warrant, located and arrested Fincher in California and returned her to Georgia.

[2]For a Class C felony,  the district court may not sentence a defendant to more than two years' imprisonment upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The parties do not dispute on appeal the advisory guideline range was 6 to 12 months or that Fincher faced a two-year maximum custodial sentence.

revocation of supervised release is reviewed for reasonableness.[3]  *United States v.*

*Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

The district court did not commit procedural error when it sentenced

Fincher to 24 months' imprisonment.  The record reveals the court correctly

calculated Fincher's Guidelines range, treated the Guidelines as advisory,

considered the 3553(a) factors, and adequately explained the chosen sentence.

*See Gall v. United States*, 552 U.S. 38, 50 (2007).  The court analyzed Fincher's

history, including the fact she had previously violated the conditions of her

probation in a separate case by committing the instant Class C felony.  Further, the

court considered Fincher's commission of additional crimes while on supervised

release in the current case.[4]  Lastly, Fincher's sentence did not exceed the statutory

maximum.  *See* 18 U.S.C. § 3583(e)(3).  Thus, Fincher's sentence was

procedurally reasonable.

---

[3]"We review the reasonableness of a sentence through a two-step process using a deferential abuse-of-discretion standard." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  First, we determine whether the district court committed any significant procedural error. *Id.*  Then we examine whether the sentence is substantively reasonable based on the totality of the circumstances. *Id.*

[4]Although the 1998 petition had not been amended to reflect new criminal charges at Fincher's revocation hearing, the Government noted that Fincher had committed new offenses in California since the petition had been filed, including at least one DUI.

Additionally, Fincher's sentence was substantively reasonable based on the totality of the circumstances. *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The court considered, *inter alia*, the applicable Guidelines range, nature and circumstances of Fincher's supervised release violations and her criminal history.[5] Further, the court indicated the sentence provided the public the maximum possible protection from further crimes of Fincher, and was necessary to deter other defendants from violating the conditions of their supervised release. Accordingly, we affirm Fincher's sentence.

**AFFIRMED.**

---

[5]Fincher argues the district court erred in considering arrests "from other jurisdictions which were mentioned in open court, but not set forth in the petition to revoke." She fails to cite any precedent, however, showing the court's consideration of her other crimes constitutes an abuse of discretion. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (stating that the party who challenges the sentence bears the burden of establishing the sentence is unreasonable).